UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CRAIG GOTTLIEB, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALPHABET INC., et al.,<br><br>　　　　　Defendants. | Case No. 5:17-cv-06860-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 71 |

Plaintiffs Craig Gottlieb and Saud A.H. Khokhar ("Plaintiffs") filed this litigation against Google, Inc., Alphabet, Inc., Larry Page, Sergey Brin, Eric E. Schmidt and Patrick Pichette (collectively, the "Google Defendants") after a predecessor corporation, Gimmegelt, Inc., was barred from participating in Google's AdSense program. Plaintiffs allege, among other theories, that the Google Defendants still owe Gimmegelt substantial revenue earned prior to the termination of its AdSense account.

Presently before the court is the Google Defendants' Motion to Dismiss the First Amended Complaint ("FAC"), which Plaintiffs oppose. Dkt. No. 71. Since Plaintiffs are not the real parties in interest qualified to assert claims on behalf of Gimmegelt, this action cannot proceed in its current format. Accordingly, the Motion to Dismiss will be granted for the reasons explained below.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs allege the Google Defendants operate an advertisement program known as AdSense. The AdSense program allows website owners to display ads on their websites in exchange for compensation. FAC, Dkt. No. 15, at ¶ 11. "To participate in this program, website

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
1

publishers need to register with Google and be accepted into the program by Google." Id. The ads shown on a website are administered by Google and generate revenue on "either a per-click or per-thousand-ads-displayed basis." Id.

Plaintiffs bring this action as the successors of Gimmegelt, according to "an Assignment of Damages and Cause of Action, dated December 7, 2014," between Gimmegelt and Plaintiffs Id. at ¶ 1. In 2005, Gimmegelt entered into an electronic agreement to participate in the AdSense program. Id. at ¶ 10. In exchange, "Google promised to pay a majority of the fees" to Gimmegelt. Id. But on May 27, 2012, Google disabled Gimmegelt's AdSense account because Google determined the account "posed a significant risk" to advertisers. Id. at ¶ 21. Google then rejected Gimmegelt's administrative appeal from the account termination. Id. at ¶¶ 24-25. According to Plaintiffs, Gimmegelt is still owed over $200,000 for its participation in the AdSense program. Id. at ¶ 26.

Plaintiffs filed this action in 2016 in the United States District Court for the Eastern District of New York, and filed the FAC in August, 2016. Plaintiffs assert the following cases of action: (1) violation of California Civil Code § 1671(b); (2) breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; (5) violation of the Unfair Competition Law, California Business and Professions Code § 17200 et seq.; (6) declaratory relief under state and federal law; (7) racketeering in violation of 18 U.S.C. § 1962; (8) civil conspiracy; (9) joint venture/joint enterprise; (10) antitrust in violation of New York state law; and (11) various securities violations. They seek compensatory damages of not less than $500 million.

The action was transferred to this court in November, 2017. The instant motion followed.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
2

upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

### B. Leave to Amend

Leave to amend a pleading is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). But it is not a never-ending privilege. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).

### C. Pro Se Pleadings

Where, as here, the pleading at issue is filed by a plaintiff proceeding pro se, it must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In doing so, the court "need not give a plaintiff the benefit of every conceivable doubt" but "is required only to draw

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
3

1 every reasonable or warranted factual inference in the plaintiff's favor." McKinney v. De Bord,
2 507 F.2d 501, 504 (9th Cir. 1974). The court "should use common sense in interpreting the
3 frequently diffuse pleadings of pro se complainants." Id. But pro se parties must still abide by the
4 rules of the court in which they litigate. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006,
5 1008 (9th Cir. 1986).

A pro se complaint should not be dismissed unless the court finds it "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972).

## III. DISCUSSION

The Google Defendants challenge the FAC on several grounds, but only one issue requires discussion at this time.

### A. The Real Party in Interest Requirement

Federal Rule of Civil Procedure 17 governs whether or not a party can bring suit. U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986). The rule requires that an action "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Who or what qualifies as a real party in interest is not defined; "[i]nstead, it allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." U-Haul Int'l, Inc., 793 F.2d at 1038.

Federal Rule of Civil Procedure 19 "tells us whether the appropriate parties are before the court" by limiting "the power of plaintiffs to determine who shall be parties in lawsuits they institute." Id. at 1038-39. The rule provides, in pertinent part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(2).

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
4

An "interest" under Rule 19 "should be determined from a practical, and not technical, perspective." Aguilar v. Los Angeles Cty., 751 F.2d 1089, 1093 (9th Cir. 1985). The court should not apply "strict legal definitions." Id.

"[B]oth Rules 17(a) and 19 have been construed so as to further the fair and prompt disposition of litigation," and both rules "must be satisfied before the case may proceed." U-Haul Int'l, Inc., 793 F.2d at 1038-39.

### B. Application

The Google Defendants' argument addressing whether Plaintiffs qualify as real parties in interest has two parts. First, they contend the assignment from Gimmegelt to Plaintiffs violates the AdSense Agreement's non-assignability provision. Second, they assert the Non-Assignability provision violates public policy.

Placed in context, the first part of the Google Defendants' argument invokes Rule 17 because it raises whether Plaintiffs were effectively granted a cause of action by virtue of the assignment.

The second part invokes Rules 19 because it challenges Plaintiffs' ability to recover for an injury sustained by a third party, in this case Gimmegelt. See id. at 1038 ("Because of the contention that U-Haul should not be able to recover money for injuries sustained by the other members of the U-Haul System, we think Fed. R. Civ. P. 19 is implicated.").

Together, they present the following question: have Plaintiffs adequately established with the FAC's allegations and attachments that they are the proper parties to bring this action?

The short answer is no.

#### i. Relevant Contractual Provisions

The court begins by observing the specific language of both the assignment and the non-assignability provision in the AdSense Agreement attached to the FAC.

Under the assignment, Gimmegelt assigned to Gottlieb and Khokhar "any and all sums of money now due or owing to Gimmegelt, Inc., and all claims, demands, and cause of action of whatever kind and nature" which Gimmegelt has against Google, Inc. FAC, at Ex. A.

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
5

The non-assignability provision in the AdSense Agreement is composed of one concise sentence. It states: "You may not resell, assign, or transfer any of Your rights hereunder."

### ii. The Assignment from Gimmegelt to Plaintiffs Does Not Violate the AdSense Agreement

California contract law governs whether the non-assignability provision effectively prohibited Gimmegelt from assigning a cause of action to Plaintiffs, and, in turn, whether the assignment violated the AdSense Agreement. Id.; Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093-94 (9th Cir. 2004). Provisions prohibiting assignment of a contract, or any rights or interests in a contract, are generally valid and enforceable in California. See Fluor Corp. v. Super. Ct., 61 Cal. 4th 1175, 1189-90 (2015) (citing Bergson v. Builders' Ins. Co., 38 Cal. 541, 545 (1869); Greco v. Oregon Mut. Fire Inc. Co., 191 Cal. App. 2d 674, 682 (1961)).

But such restrictions are strictly construed, and California courts have developed a "distinction between an assignment of a contract and an assignment of the proceeds of the contract." Benton v. Hofmann Plastering Co., 207 Cal. App. 2d 61, 67-68 (1962). "[A] provision in a contract or a rule of law against assignment does not preclude the assignment of money due or to become due under the contract or of money damages for the breach of the contract." Trubowitch v. Riverbank Canning Co., 30 Cal. 2d 335, 339 (1947) (internal citations omitted). A cause of action for breach of contract is a "thing in action" under California Civil Code § 953, and can be freely assigned under Civil Code § 954. Baum v. Duckor, Spradling & Metzger, 72 Cal. App. 4th 54, 64-65 (1999) ("Assignable are choses in action arising out of an obligation or breach of contract . . . ."). As such, the non-assignability of a breach of contract cause of action is an exception to the general rule favoring free assignment; that type of restriction must be explicitly defined.

Here, the non-assignability provision in the AdSense Agreement prohibits the transfer of "rights hereunder." This language may forbid the assignment of the contract itself, but nothing more. Strictly construed, the language does not forbid the assignment of a cause of action for breach of contract, or the assignment of money damages for a breach of contract, in the absence of

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
6

circumstances specifying a different intention by the parties. Restatement (Second) of Contract § 322 ("A contract term prohibiting assignment of rights under the contract, unless a different intention is manifested . . . does not forbid assignment of a right to damages for breach of the whole contract or a right arising out of the assignor's due performance of his entire obligation."). No such circumstances are identified to escape the presumption in favor of assignability.

The Google Defendants' argument to the contrary is unpersuasive. The Google Defendants do not analyze the particular language used in the 2008 Agreement, thereby overlooking the distinction in California law between the assignability of contracts versus causes of action for breach of contract. As such, the court rejects the Google Defendants' position on this issue.

Accordingly, the court concludes the AdSense Agreement does not prohibit the assignment of claims from Gimmegelt to Plaintiffs. In light of the assignment, Plaintiffs can *theoretically* assert causes of action for the purposes of Rule 17's real-party-in-interest requirement, at least as a matter of pleading, and assuming there are no other impediments to the causes of action. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1282 (9th Cir. 1983) ("Rule 17(a) is designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at issue".).

### iii. The Assignment from Gimmegelt to Plaintiffs Violates Public Policy

The court now turns to Rule 19, and whether all necessary parties have appeared. The Google Defendants argue the assignment from Gimmegelt to Plaintiffs is void, at least for the purposes of this action, because it was effectuated to circumvent the prohibition on corporations appearing in federal court as unrepresented parties. This argument is meritorious.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Yet unlike individuals, "[a] corporation may appear in federal court only through licensed counsel." United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993); accord Bigelow v. Brady (In re Bigelow), 179 F.3d 1164, 1165

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
7

(9th Cir. 1999).  As the Supreme Court has observed, "the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."  Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("Jones") ("The rule that a corporation may litigate only through a duly licensed attorney is venerable and widespread.").  This rule against corporations appearing pro se has no specified exceptions, save for a few "aberrant cases."  Id.

Nor have courts tolerated creative attempts to escape the effect of the rule.  For example, in Yue v. Chordiant Software, Inc., No. C 08-00019 JW, 2008 WL 11141245 (N.D. Cal. July 24, 2008) ("Yue"), the unpresented individual plaintiff sought to pursue claims for copyright infringement after the copyright owner, his company, assigned all past and future claims for infringement to the plaintiff.  This district dismissed the plaintiff's claims, holding that the "assignment of a corporation's claim to its president and sole shareholder so that he may proceed pro se on behalf of the corporation is impermissible" as an "end run" around § 1654.  Yue, 2008 WL 11141245, at *5.  The court observed that despite the assignment, the plaintiff's interests remained identical to that of the company, such that the company, and not the individual plaintiff, was the real party in interest.  Id.

Similarly, in Jones, the individual plaintiff moved to amend a complaint to permit him to prosecute claims without counsel.  722 F.2d at 21.  The plaintiff represented that his company, in whose name the case had originally been litigated, assigned the causes of action to him after losing its legal representation.  Id.  The district court denied the motion to amend, and ordered the action dismissed if qualified counsel did not appear for the company.  Id.  The plaintiff appealed.

The Second Circuit Court of Appeals affirmed.  The court recognized that because of the universal rule against corporations litigating without counsel, the federal courts have "disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the individual."  Id. at 23.  More to the point, the court adopted the following reasoning:

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
8

> To allow [the lay individual] to appear pro se in this suit would be allowing him to flout a well-established and purposeful public policy by means of a procedural device. [The lay individual] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims.

Id. (quoting Mercu-Indus., Inc. v. Bristol-Myers Co., 392 F. Supp. 16, 20 (S.D.N.Y. 1974).

This case presents circumstances nearly indistinguishable from Yue and Jones. Like the plaintiffs in those cases, Gottlieb is or was the president and sole shareholder of Gimmegelt. FAC, at Ex. A. Indeed, he signed the assignment in that capacity, which was essentially an assignment to himself. The interests of Gottlieb and Gimmegelt are therefore one and the same, such that the assignment serves no purpose other than to allow Gottlieb to pursue corporate claims without counsel. Notably, Gottlieb's declaration in opposition confirms this motivation. He states he "contacted about 15 different law firms and attorneys, hoping to have one firm agree to sue Google in a class-action lawsuit," but could not afford a "hefty retainer." Gottlieb Decl., Dkt. No. 72, at ¶ 6. Only after his attempts to obtain counsel failed did Gimmgelt assign its claims to Gottlieb and Khokhar. Plaintiffs' attempt to alternatively characterize the reason for the assignment does not convince the court otherwise.

Khokhar's appearance as a co-plaintiff does nothing to legitimize these circumstances. Though apparently not an officer of Gimmegelt, Khokhar admits he purchased Gimmegelt's assets. Khokhar Decl., at ¶ 8. For that reason, Khokhar's individual interests, like this of Gottlieb, coincide with the corporate interest. And for their part, Plaintiffs offer no other viable distinction between Khokhar and Gimmegelt when it comes to the FAC's causes of action.

Having previously accepted the advantages of incorporation, Plaintiffs cannot be permitted to shed the corporate format as an inconvenience when doing so means disregarding the well-established rule that corporations be represented by counsel. Google's motion to dismiss Plaintiffs' assigned causes of action will be granted because Plaintiffs are not the proper parties to assert them. The evidence before the court shows that Gimmegelt is the real party in interest, and the court will require its joinder under Rule 19 if this action is to continue.

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
9

## IV. ORDER

The Google Defendants' Motion to Dismiss (Dkt. No. 71) is GRANTED, and the FAC is DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **June 1, 2018.** To comply with the above discussion, Gimmegelt must be joined as plaintiff in any amended complaint, and must be represented by counsel qualified to appear in this district. Simply adding Gimmegelt to an amended complaint in an unrepresented capacity does not constitute compliance with this order.

Plaintiffs are advised that the scope of leave to amend does not permit them to add new claims or new parties, other than Gimmgelt, without first obtaining the defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15. This means that Plaintiffs will need to file a noticed motion to request such relief.

Plaintiffs are further advised that the court will dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the designated deadline, and will strike any amended complaint not in compliance with the requirements specified by this order.

The Case Management Conference scheduled for May 17, 2018, is VACATED and will be reset, if necessary, by further order of the court.

**IT IS SO ORDERED.**

Dated:  April 30, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
10