UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| CRAIG GOTTLIEB, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALPHABET INC., et al.,<br><br>Defendants. | Case No.  5:17-cv-06860-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 83 |

Plaintiff Gimmegelt, Inc. and two of its purported assignees, Craig Gottlieb and Saud A.H. Khokhar (collectively, "Plaintiffs") instituted this action in 2016 against Google LLC; Alphabet, Inc.; Larry Page; Sergey Brin; Eric E. Schmidt and Patrick Pichette (collectively, the "Google Defendants") after Gimmegelt was barred in 2012 from participating in Google's AdSense program.  In the Second Amended Complaint ("SAC"), Plaintiffs maintain that Google improperly withheld Gimmegelt's earnings and, in doing so, breached a contract, committed securities fraud, engaged in racketeering and a civil conspiracy, and violated antitrust laws - among other purported violations.

The Google Defendants move to dismiss the SAC for several reasons.  Dkt. No. 83. Plaintiffs oppose.  Dkt. No. 88.  Although Gimmegelt, the real party in interest, was eventually added as a plaintiff, that addition was too late.  For the reasons explained, all of Gimmegelt's causes of action are barred by the statutes of limitations.  The Google Defendants' motion must therefore be granted and the SAC will be dismissed without leave to amend.

## I.   BACKGROUND

The basic allegations are unchanged from the prior version of the complaint.  Plaintiffs

allege the Google Defendants operate an advertisement program known as AdSense.  The

AdSense program allows website owners to display ads on their websites in exchange for

compensation.  SAC, Dkt. No. 82, at ¶ 11.  "To participate in this program, website publishers

need to register with Google and be accepted into the program by Google."  Id.  The ads shown on

a website are administered by Google and generate revenue on "either a per-click or per-thousand-

ads-displayed basis."  Id.

In 2005, Gimmegelt entered into an electronic agreement to participate in the AdSense

program.  Id. at ¶ 10.  In exchange, "Google promised to pay a majority of the fees" to Gimmegelt.

Id.  But on May 27, 2012, Google disabled Gimmegelt's AdSense account because Google

determined the account "posed a significant risk" to advertisers.  Id. at ¶ 21.  Google then rejected

Gimmegelt's administrative appeal from the account termination.  Id. at ¶¶ 24-25.  According to

Plaintiffs, Gimmegelt is still owed close to $200,000 for its participation in the AdSense program.

Id. at ¶ 26.

In 2016, Gottlieb and Khokhar filed this action in the United States District Court for the

Eastern District of New York.  It was then transferred to this court in November, 2017.  Dkt. No.

47.  The court dismissed the FAC on March 30, 2018, for failure to join Gimmegelt as the real

party in interest.  Dkt. No. 75.

Plaintiffs filed the SAC on June 13, 2018, naming Gimmegelt as a plaintiff with counsel.

They assert the following causes of action: (1) violation of California Civil Code § 1671(b); (2)

breach of contract; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust

enrichment; (5) violation of the Unfair Competition Law ("UCL"), California Business and

Professions Code § 17200 et seq.; (6) declaratory relief under California Civil Code §§ 1670.5(a)

and 1671(b); (7) declaratory relief under 28 U.S.C. § 2201(a); (8) racketeering in violation of 18

U.S.C. § 1962; (9) civil conspiracy; (10) joint venture/joint enterprise; (11) antitrust violations

under the Sherman Act, "New York General Business Laws" and "applicable California laws;"

(12) securities fraud under various authorities; and (13) another cause of action for securities fraud

under various authorities.

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

2

1    This motion followed the SAC.

2    **II.    LEGAL STANDARD**

3    Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

4    specificity to "give the defendant fair notice of what the ... claim is and the grounds upon which it

5    rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

6    complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

7    upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

8    appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

9    a cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th

10   Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

11   speculative level" such that the claim "is plausible on its face." <u>Twombly</u>, 550 U.S. at 556-57.

12   When deciding whether to grant a motion to dismiss, the court generally "may not consider

13   any material beyond the pleadings." <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d

14   1542, 1555 n. 19 (9th Cir. 1990).  However, the court may consider material submitted as part of

15   the complaint or relied upon in the complaint, and may also consider material subject to judicial

16   notice.  <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).

17   In addition, the court must generally accept as true all "well-pleaded factual allegations."

18   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 664 (2009).  The court must also construe the alleged facts in the

19   light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).

20   However, "courts are not bound to accept as true a legal conclusion couched as a factual

21   allegation." <u>Iqbal</u>, 556 U.S. at 678.

22   **III.    DISCUSSION**

23   The Google Defendants makes several dismissal arguments, but only one requires

24   discussion.  The Google Defendants contend that, based on the SAC, all of Gimmegelt's causes of

25   action are time-barred without exception.

26   The court agrees.

27

28   Case No.: 5:17-cv-06860-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
     3

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.    The Running of the Limitations Periods is Apparent on the Face of the SAC**

The court begins this analysis by examining whether Gimmegelt's causes of action are time-barred as pled.  A statute of limitations defense may be raised by a motion to dismiss "[i]f the running of the statute is apparent on the face of the complaint."  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  Such a motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."  Id.

The Google Defendants argue that Gimmegelt's causes of action fall under three and four-years statutes of limitations, and Gimmegelt does not claim otherwise.  Thus, the court accepts the applicable limitations period for claims "on the contract," such as the first cause of action to avoid liquidated damages, the second for breach of contract, and the third for breach of the implied covenant of good faith and fair dealing, is four years.  See Cal. Civ. Proc. Code § 337.  The fifth cause of action for violation of the UCL, the eighth cause of action for racketeering, and the eleventh cause of action for antitrust violations are also each subject to a four-year limitations period.  See Cal. Bus. & Prof. Code § 17208 (UCL); see also 15 U.S.C. § 15(b) (Sherman Act); see also Cal. Bus. & Prof. Code § 16750.1 (antitrust violations under California's Cartwright Act); see also N.Y. Gen. Bus. Law § 340(5) (antitrust violations under New York's Donnelly Act); see also Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987) (civil RICO).

The sixth cause of action for declaratory relief under California law and the seventh cause of action for declaratory relief under federal law are each subject to the same limitations period as the underlying obligation sought to be adjudicated.  See Snyder v. Cal. Ins. Guarantee Ass'n, 229 Cal. App. 4th 1196, 1208 (2014); see also Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993).  Because the obligations underlying these causes of actions are contractual in nature, the statute of limitations is four years.

The fourth cause of action for unjust enrichment is subject to a three-year statute of limitations because, as pled, it is based on an alleged obligation "to restore the aggrieved party to

his or her former position" by the return of money.  FDIC v. Dintino, 167 Cal. App. 4th 333, 346 (2008) (quoting 1 Witkin, Summary of Cal. Law 1102 (10th ed. 2005)).  The twelfth and thirteenth causes of action for fraud are subject to a three-year limitations period if framed under California common law, and as relevant here, a two-year limitations period from the date of discovery if framed under federal securities law.  See Cal. Civ. Proc. Code § 338(d) (common law fraud); see also 28 U.S.C. § 1658(b) (federal securities fraud).

Like declaratory relief, the statute of limitations governing the ninth cause of action for civil conspiracy and the tenth cause of action for joint venture depends on the nature of conspiracy or venture alleged.  See Maheu v. CBS, Inc., 201 Cal. App. 3d 662, 673 (1988); see also Kenworthy v. Brown, 248 Cal. App. 2d 298, 301 (1967); see also Day v. Greene, 59 Cal. 2d 404, 411 (1963) ("The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded.").  Liberally construing the allegations stated in the SAC, the court understands Plaintiffs to allege the purpose of the alleged conspiracy was to breach Google's agreement with Gimmegelt by withholding revenue it earned.  Likewise, the purpose of the joint venture was a revenue-sharing agreement between Google and Gimmegelt. Because the nature of these causes of action is contractual, the court finds a four-year statute of limitations applies.  See Cal. Civ. Proc. Code § 337.

Under California law, a claim generally accrues and the statute of limitations begins to run at "'the time when the cause of action is complete with all of its elements.'"  Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806 (2005) (quoting Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999)).  "When damages are an element of a cause of action, the cause of action does not accrue until the damages have been sustained."  City of Vista v. Robert Thomas Sec., Inc., 84 Cal. App. 4th 882, 886 (2000).  "A federal claim accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991) (quoting Norco Constr., Inc. v. King Cty., 801 F.2d 1143, 1145 (9th Cir. 1986)).

A federal cause of action in antitrust "accrues each time a plaintiff is injured by an act of the defendant and the statute of limitations runs from the commission of the act."  Pace Indus., Inc.

v. Three Phoenix Co., 813 F.2d 234, 237 (9th Cir. 1987).  An antitrust cause of action under New York law accrues "when a defendant commits an act that injures plaintiff's business in violation of the antitrust statute."  Stolow v. Greg Manning Auctions, Inc., 258 F. Supp. 2d 236, 251 (S.D.N.Y. 2003).

Here, the SAC establishes that Gimmegelt's causes of action related to the termination of its AdSense account accrued no later than May 31, 2012, since Google had explicitly advised Gimmegelt by that date that it would not receive any further payments.  Stated differently, Gimmegelt knew of its injury on May 31, 2012, and its causes of action were complete with all of their elements on that date, including the element of damages.  This means the applicable four-year statute of limitations expired on May 31, 2016, for the majority of Gimmegelt's claims - specifically, the first, second, third, sixth, seventh, ninth and tenth causes of action.  In addition, the three-year statute of limitations for unjust enrichment expired on May 31, 2015, because that cause of action was complete with all of its elements on May 31, 2012.

Similarly, the SAC establishes the eighth cause of action for racketeering in violation of federal law accrued on May 31, 2012, because Gimmegelt knew by that date that Google's alleged conduct had caused injury to Gimmgelt's business.  See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dept., AFL-CIO, 770 F.3d 834, 837 (9th Cir. 2014) (recognizing the elements of a civil RICO claim includes injury).  The antitrust claims asserted in the eleventh cause of action also accrued on that date, since Google's last overt act causing damage was enforcing the liquidated damages clause against Gimmegelt.  Accordingly, the statute of limitations for these causes of action expired on May 31, 2016.

Furthermore, the statute of limitations for the twelfth and thirteenth causes of action expired sometime on January 29, 2015, to the extent they are based on federal securities law, and sometime on January 29, 2016, to the extent they are based on common law fraud.  In the SAC, Plaintiffs allege the Google Defendants made misstatements regarding funds withheld from

1    Gimmegelt in in its 2013 Form 10-K, which SEC records show was filed on January 29, 2013.[1]

2    No doubt, a reasonably diligent investor in Gimmegelt's position would have discovered the facts

3    constituting the purported fraud on the date the Form 10-K was filed, because Gimmgelt already

4    knew in May, 2012, that Google had withheld funds.  See Merck & Co., Inc. v. Reynolds, 559

5    U.S. 633, 637 (2010); see also Fox, 35 Cal. 4th at 807 (holding that under the discovery rule, "[a]

6    plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a

7    factual basis for its elements.'").

8         Finally, the SAC establishes the four-year statute of limitations for the UCL cause of

9    action, which claim is tethered to conduct underlying the other causes of action, expired on May

10   31, 2016 for the same reasons already explained.

11        Based on this discussion, the court finds it is apparent from the face of the SAC that all

12   causes of action in the SAC were not asserted by Gimmegelt until after the applicable statutes of

13   limitations expired.

14   **B.   Federal Rule of Civil Procedure 17(a)(3) Does Not Apply**

15        The court must now determine whether Gimmegelt's causes of action are somehow

16   excepted from dismissal.  Google argues the causes of action are not rendered timely by operation

17   of Federal Rule of Civil Procedure 17(a)(3) because Plaintiffs originally initiated this action

18   without Gimmegelt, but with knowledge that Gimmegelt was the real party in interest.  The court

19   concurs with the Google Defendants that Rule 17(a)(3) does not apply here.

20        Rule 17 governs whether or not a party before the court is authorized to bring suit.  U-Haul

21   Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).  The rule requires that an action

22   "be prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  Who or what

23   qualifies as a real party in interest is not defined; "[i]nstead, it allows a federal court to entertain a

24

---

25   [1] The court takes judicial notice of the filing date of Google's 2013 Form 10-K, which can be
     found at https://www.sec.gov/Archives/edgar/data/1288776/000119312513028362/0001193125-
26   13-028362-index.htm.  See Lee, 250 F.3d at 689 ("[A] court may take judicial notice of 'matters
     of public record.'"); see also Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429,
27   435 (9th Cir.1992) (taking judicial notice of agency decisions whose existence is capable of
     confirmation).

28   Case No.: 5:17-cv-06860-EJD
     ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
                                        7

United States District Court
Northern District of California

1   suit at the instance of any party to whom the relevant substantive law grants a cause of action." <u>U-</u>

2   <u>Haul Int'l, Inc.</u>, 793 F.2d at 1038.

3      Under Rule 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the

4   name of the real party in interest until, after an objection, a reasonable time has been allowed" for

5   the real party in interest to ratify or join the action.  If that occurs, "the action proceeds as if it had

6   been originally commences by the real party in interest."

7      The Ninth Circuit has held that the purpose of Rule 17(a)(3) "is to prevent forfeiture of an

8   action when determination of the right party to sue is difficult or when an understandable mistake

9   has been made."  <u>U.S. for Use a& Benefit of Wulff v. CMA, Inc.</u>, 890 F.2d 1070, 1074 (9th Cir.

10  1989).  "Rule 17(a) is the codification of the salutary principle that an action should not be

11  forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent

12  the limitations period."  <u>Id</u>. at 1075.  Thus, by way of example, "Rule 17(a) does not apply to a

13  situation where a party with no cause of action files a lawsuit to toll the statute of limitations and

14  later obtains a cause of action through assignment."  <u>Id</u>.

15     Here, Plaintiffs' documents demonstrate that determining the right party to sue Google was

16  not difficult.  Indeed, the assignment of claims from Gimmegelt to Gottlieb and Khokhar, which

17  was signed by Gottlieb as the president and sole shareholder of Gimmegelt and attached to the

18  SAC, demonstrates that Plaintiffs understood the causes of action now asserted belong to the

19  corporation and not to them individually.  Had they thought otherwise, no assignment would have

20  been orchestrated before this action was commenced.

21     In addition, Plaintiffs' documents show the initial exclusion of Gimmegelt as a party

22  cannot be characterized as an "understandable mistake."  As the court pointed out in the last

23  dismissal order, Gottlieb declared he "contacted about 15 different law firms and attorneys, hoping

24  to have one firm agree to sue Google in a class-action lawsuit," but could not afford a "hefty

25  retainer."  Gottlieb Decl., Dkt. No. 72, at ¶ 6.[2]  He also met with an attorney in 2013 who offered

26

27  _____

[2] To the extent the court's consideration of Plaintiffs' declarations convert this motion to one for summary judgment, the court observes that notice of conversion "is adequate if the party against

28

United States District Court
Northern District of California

1   to take Gimmegelt's case "for an initial hybrid retainer of $10,000 and an hourly rate of $175 and

2   30% recovery." Id. at ¶ 8.  Gottlieb decided that offer was "too expensive" and was concerned he

3   would need to pay even more money to retain an attorney in California if the case was transferred.

4   Id.  Only after determining he could not finance legal representation for Gimmegelt did Gottlieb

5   execute the assignment of claims (Id. at ¶ 9), which the court already determined "serves no

6   purpose other than to allow Gottlieb to pursue corporate claims without counsel."  Dkt. No. 75.

7   The decision to reassign the claims and then institute the corporate causes of action as individual

8   ones was therefore plainly a strategic choice to avoid incurring attorney's fees, not an

9   understandable mistake stemming from post-assignment confusion over the identity of the real

10  party in interest, to which Rule 17(a)(3) does not apply.  See Dunmore v. United States, 358 F.3d

11  1107, 1112 (9th Cir. 2004) (holding Rule 17(a)(3) relief is available only if a decision to sue in the

12  name of another party was "an understandable mistake and not a strategic decision"); see also 6A

13  Wright, Miller & Kane § 1555 ("[I]t has been held that when the determination of the right party

14  to bring the action was not difficult and when no excusable mistake had been made, then the last

15  sentence of Rule 17(a) was not applicable.").  If anything, Plaintiffs were mistaken as to whether

16  their assignment plan would succeed to permit them to prosecute Gimmegelt's claims in federal

17  court.  But Rule 17(a)(3) "should be applied only to cases in which substitution of the real party in

18  interest is necessary to avoid injustice;" it should not be applied to toll the statute of limitations

19  after a party tries to circumvent the rule against corporations appearing pro se.  6A Wright, Miller

20  & Kane § 1555.[3]

21

22  whom judgment is entered is 'fairly apprised' that the court will look beyond the pleadings."
    Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1532 (9th Cir. 1985).  "A represented party

23  who submits matters outside the pleadings to the judge and invites consideration of them has

24  notice that the judge may use them to decide a motion originally noted as a motion to dismiss,
    requiring its transformation to a motion for summary judgment."  Id. at 1533.

25  [3] Notably, Gottlieb's more recent declaration repeats the same facts from his prior declaration.
    Gottlieb again states he contacted 15 law firms "hoping to sue Google Inc. . . . in a class action

26  lawsuit," and contacted attorneys in Texas and New Jersey. Gottlieb Decl., Dkt. No. 88, at ¶ 4.
    Gottlieb also states he "could not afford a hefty retainer on an hourly basis," and "decided to take

27  matters in [his] own hands" by assigning Gimmegelt's causes of action "hoping that in the case of
    any recovery, we would be able to develop our e-commerce business."  Id. at ¶ 5.

28  Case No.: 5:17-cv-06860-EJD
    ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

1    Under the circumstances presented, Rule 17(a)(3) does not preclude Gimmegelt's causes of

2    action from dismissal based on the statutes of limitations.

3    **C.    Federal Rule of Civil Procedure 15(c) Does Not Apply**

4    Plaintiffs argue Gimmegelt's causes of action are timely because they "relate back" to the

5    filing date of the original complaint pursuant to Federal Rule of Civil Procedure 15(c).  In the

6    Ninth Circuit:

> An amendment adding a party plaintiff relates back to the date of the
> original pleading only when: 1) the original complaint gave the
> defendant adequate notice of the claims of the newly proposed
> plaintiff; 2) the relation back does not unfairly prejudice the
> defendant; and 3) there is an identity of interests between the original
> and newly proposed plaintiff.

Immigrant Assistance Project of the L.A. Cty. Fed'n of Labor (AFL-CIO) v. INS, 306 F.3d 842,

857 (9th Cir. 2002) ("Immigration Assistance Project") (quoting Rosenbaum v. Sytnex Corp., 95

F.3d 922, 935 (9th Cir. 1996)).

Two considerations are important to the Rule 15(c) analysis for this case.  First, the

amendment adding Gimmegelt was not one to fix a pleading technicality.  To the contrary, the

amendment was necessary so that the true plaintiff with capacity to sue appeared in this action.

Gimmegelt, a Nevada corporation, is an entity distinct of Gottlieb or any other manager or

shareholder.  See Ex Parte Rickey, 100 P. 134, 140 (Nev. 1909) ("The corporation is an artificial

person, a distinct legal entity.").  This case is therefore distinguishable from others in which

relation back was deemed appropriate, since the amendment under examination here was not one

to remedy the same party's capacity, as in Goodman v. United States, 298 F.3d 1048, 1053-54

(2002), or to substitute class representatives with other class members, as in Immigration

Assistance Project.

Second, the materials submitted by Plaintiffs show that Gottlieb was aware of the

distinction between corporations and their associated individuals and knew that Gimmegelt would

need counsel if it pursued causes of action in court.  They also reveal that Gottlieb reassigned the

claims to avoid attorney's fees, knowing that he planned to initiate litigation at some point.  But

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

10

United States District Court
Northern District of California

1   "Plaintiffs cannot be permitted to shed the corporate format as an inconvenience when doing so

2   means disregarding the well-established rule that corporations be represented by counsel."  Dkt.

3   No. 75.  Permitting relation back under these facts would encourage other plaintiffs to do exactly

4   that, as well as encourage individual plaintiffs to gamble on flouting the corporate representation

5   rule without recourse.

6          Accounting for these considerations, the court finds the amendment adding Gimmegelt

7   does not relate back to the filing of the original complaint because the Google Defendants would

8   be unfairly prejudiced by that result.  The above discussion demonstrates that Plaintiffs could have

9   timely asserted causes of action on behalf of Gimmegelt but chose not to do so.  If those causes of

10  action were filed in a separate complaint on the same date as the SAC, they would otherwise be

11  dismissed as barred by the statute of limitations.  Plaintiffs cannot prevail to the Google

12  Defendants' detriment under these circumstances because Plaintiffs, not the Google Defendants,

13  should bear the consequences of their litigation choices.

14         In sum, Rule 15(c)'s "relation back" provisions do not affect the untimeliness of

15  Gimmegelt's causes of action.

16         **D.     Leave to Amend**

17         The court must now determine whether Plaintiffs should be permitted leave to amend.

18         Leave to amend a pleading is generally granted with liberality.  Fed. R. Civ. P. 15(a)(2)

19  ("The court should freely give leave when justice so requires."); Morongo Band of Mission

20  Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  But it is not a never-ending privilege.

21  Leave need not be granted where the amendment of the complaint would cause the opposing party

22  undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay.

23  Foman v. Davis, 371 U.S. 178, 182 (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th

24  Cir. 1994).  Leave to amend may also be denied for "failure to cure deficiencies by amendments

25  previously allowed."  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

26         The court cannot conceive any additional allegations that would overcome the bar imposed

27  by the statutes of limitations.  There is no basis for equitable tolling because the SAC establishes

28  Case No.: 5:17-cv-06860-EJD

United States District Court
Northern District of California

that Gimmegelt was unquestionably aware of its injury in May, 2012.  Moreover, the court has explained why neither Rule 17(a)(3) nor Rule 15(c) assist Gimmegelt.  Thus, the court finds that leave to amend would futile at this point, and Gimmegelt's causes of action will be dismissed without leave to amend.

## IV.    ORDER

Based on the foregoing, the Google Defendants' Motion to Dismiss (Dkt. No. 83) is GRANTED.

All causes of action asserted by Gimmegelt are DISMISSED WITHOUT LEAVE TO AMEND.  All causes of action asserted by Gottlieb and Khokhar are DISMISSED WITHOUT LEAVE TO AMEND because they are not the real party in interest.  Dkt. No. 75.

Judgment shall be entered in favor of the Google Defendants and the Clerk shall close this file.


**IT IS SO ORDERED.**

Dated:  October 26, 2018

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-06860-EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
12